

**FILED**

**June 26, 2018**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 8:30 A.M.**

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Carole White | ) | Docket No.  2017-05-0944 |
| | ) | |
| v. | ) | State File No.  40374-2017 |
| | ) | |
| Community Care of Rutherford Co., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Dale A. Tipps, Judge | ) | |

---

### Affirmed and Remanded – Filed June 26, 2018

---

The employee, a nurse, alleged she suffered a mental injury arising out of and in the course and scope of her employment that led to a diagnosis of anorexia.  She requested medical and temporary disability benefits, which the trial court denied.  The employee has appealed.  We affirm the trial court's decision, deem the appeal frivolous, and remand the case.

Presiding Judge Marshall L. Davidson, III, delivered the opinion of the Appeals Board in which Judge Timothy W. Conner and Judge David F. Hensley joined.

Carole White, Rockvale, Tennessee, employee-appellant, pro se

Nicholas S. Akins and Nicholas B. Snider, Nashville, Tennessee, for the employer-appellee, Community Care of Rutherford County

### Memorandum Opinion[1]

Carole White ("Employee"), a sixty-five-year-old resident of Rutherford County, Tennessee, was employed as a nurse by Community Care of Rutherford County ("Employer"), a nursing care facility.  Employee alleged that she was bullied and intimidated at work, resulting in a diagnosis of anorexia.

---

[1] "The Appeals Board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the Appeals Board deems appropriate, in cases that are not legally and/or factually novel or complex."  Appeals Bd. Prac. & Proc. § 1.3.

The trial court determined Employee was not likely to prevail in establishing a compensable mental injury because she provided no proof, testimony, or other evidence of an identifiable stressful, work-related event that produced a sudden or unusual mental stimulus as required by Tennessee Code Annotated section 50-6-102(17) (2017). Employee has appealed.

Employee's notice of appeal contains three conclusory assertions: (1) the "[f]iled papers have errors under [h]istory of [the] claim"; (2) Employee was not diagnosed with post-traumatic stress disorder "in 2015 [but in] 2017"; and (3) the "[e]vidence of words refuted events." Along with her notice of appeal, Employee filed a document making various factual assertions, which we decline to consider because the information was not presented to the trial court. *See Hadzic v. Averitt Express*, No. 2014-02-0064, 2015 TN Wrk. Comp. App. Bd. LEXIS 14, at *13 n.4 (Tenn. Workers' Comp. App. Bd. May 18, 2015) ("[W]e will not consider on appeal testimony, exhibits, or other materials that were not properly admitted into evidence at the hearing before the trial judge.").

Employee has not filed a brief or otherwise presented an argument explaining how the trial court erred in concluding she had not met her burden of proof at the expedited hearing, and we cannot make any such arguments for her. As stated by the Tennessee Supreme Court, "[i]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her." *Sneed v. Bd. of Prof'l Responsibility of the Sup. Ct. of Tenn.*, 301 S.W.3d 603, 615 (Tenn. 2010).

Moreover, while Employee has chosen to represent herself throughout the proceedings in the trial court and on appeal, which is her right, it is well-settled that self-represented litigants must comply with the same standards to which parties with legal counsel must adhere. *Watson v. City of Jackson*, 448 S.W.3d 919, 926 (Tenn. Ct. App. 2014). As we have previously observed,

> [p]arties who decide to represent themselves are entitled to fair and equal treatment by the courts. The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.

*Burnette v. K-Mart Corp.*, No. 2014-02-0020, 2015 TN Wrk. Comp. App. Bd. LEXIS 2, at *6-7 (Tenn. Workers' Comp. App. Bd. Jan. 20, 2015).

Finally, we deem Employee's appeal to be frivolous. A frivolous appeal is one that is devoid of merit or brought solely for delay. *Yarbrough v. Protective Servs. Co.,*

*Inc.*, No. 2015-08-0574, 2016 TN Wrk. Comp. App. Bd. LEXIS 3, at *11 (Tenn. Workers' Comp. App. Bd. Jan. 25, 2016). Stated another way, "[a] frivolous appeal is one that . . . had no reasonable chance of succeeding." *Adkins v. Studsvik, Inc.*, No. E2014-00444-SC-R3-WC, 2015 Tenn. LEXIS 588, at *30 (Tenn. Workers' Comp. Panel July 21, 2015). This is such an appeal. However, we exercise our discretion under Tenn. Comp. R. & Regs. 0800-02-22-.04(6) (2018) not to award attorneys' fees or other expenses at this time.

The trial court's decision is affirmed. The case is remanded for any further proceedings that may be necessary.



**FILED**

**June 26, 2018**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 8:30 A.M.**

**TENNESSEE BUREAU OF WORKERS' COMPENSATION
WORKERS' COMPENSATION APPEALS BOARD**

| | |
|---|---|
| Carole White | )    Docket No. 2017-05-0944 |
| | ) |
| v. | )    State File No. 40374-2017 |
| | ) |
| Community Care of Rutherford Co., et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Dale A. Tipps, Judge | ) |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 26th day of June, 2018.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Sent to: |
|---|---|---|---|---|---|---|
| **Carole White** | | X | | | X | 1209 John Hood Drive, Rockvale, TN 37153; sdwhite101@gmail.com |
| **Nicholas Snider** | | | | | X | nsnider@morganakins.com |
| **Dale A. Tipps, Judge** | | | | | X | Via Electronic Mail |
| **Kenneth M. Switzer, Chief Judge** | | | | | X | Via Electronic Mail |
| **Penny Shrum, Clerk, Court of Workers' Compensation Claims** | | | | | X | Penny.Patterson-Shrum@tn.gov |

_Matthew Salyer_

Matthew Salyer
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov